UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**VISTA BANK,**

 Plaintiff,

v.              No. 4:25-cv-00865-P

**CALCOT, LTD.,**

 Defendant.

## OPINION & ORDER

Before the Court is Plaintiff's Original Complaint (ECF No. 1) and Response to the Court's Order (ECF No. 7). Having reviewed both and the applicable law, the Court finds it appropriate to **TRANSFER** this case to the Dallas Division of the Northern District of Texas.

## BACKGROUND

Plaintiff Vista Bank is a bank that is headquartered in Dallas. ECF No. 1 at 2. Defendant Calcot, LTD., is a California agriculture cooperative corporation. *Id.* Vista holds first-priority, perfected liens and security interests in cotton farmed on thousands of acres in and around Crosby County, Texas. *Id.* at 4. Vista alleges that Calcot sold the cotton and failed to pay Vista what it was owed out of the proceeds of that sale. *Id.* at 5–10. Having reviewed the allegations, the Court ordered Plaintiff to brief why the matter was properly filed in the Fort Worth Division. ECF No. 5. It did so on August 19, 2025.

## LEGAL STANDARD

A district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Such transfer is between venues, not forums. *See In re Volkswagen of Am. Inc.*, 545 F.3d 304, 308 n.2 (5th Cir. 2008) (en banc). The plaintiff's choice of venue is "a factor to be considered but in and of

itself it is neither conclusive nor determinative." *In re Horseshoe Ent.*, 337 F.3d 429, 434–35 (5th Cir. 2003). Courts use a two-step inquiry to determine if transfer is proper. *See Volkswagen*, 545 F.3d at 312. *First*, they ask whether the plaintiff could have originally sued in the transferee district. *Id. Second*, they weigh private- and public-interest factors to determine whether a venue transfer serves the convenience of parties and witnesses and is in the interest of justice. *Id.* at 315.

## ANALYSIS

As an initial matter, it is undisputed that this action could have been brought in the Northern District of Texas as "a substantial part of property that is the subject of the action is situated" in the Lubbock Division. 28 U.S.C. § 1391(b)(2). Because there are no facts which tie this case to the Fort Worth Division, other than Vista having an office in the Division and Vista's choice to file here, the Court must now determine whether private- and public-interest factors weigh in favor of transfer under 28 U.S.C. § 1404(a).

### A. Private-Interest Factors

The private-interest factors to be considered are: (1) ease of access to sources of proof; (2) availability of compulsory process for witnesses; (3) the cost of witness attendance; and (4) all other practical factors that might make a trial more expeditious and inexpensive. *See Volkswagen*, 545 F.3d at 315.

The first factor is a wash. As pointed out by Plaintiff in its response, "evidence in this commercial dispute exists primarily in electronic format. Loan documents, UCC filings, security agreements, and correspondence are maintained in Vista Bank's electronic systems are accessible from any location. Likewise, Calcot's records of cotton sales, loans, and proceeds distribution likely exist electronically, or if not are located in California." ECF No. 7 at 2.

The second and third factors weigh in favor of Dallas or Fort Worth. "Vista Bank's witnesses live within the Dallas-Fort Worth Metroplex area, making Fort Worth or Dallas equal distance for most witnesses. One non-party witness, Connor Wilmeth (who is one of the Debtors, the

owner of the other Debtor entities, and the farmer that farmed the cotton) currently resides in Levelland, Texas, within the Lubbock Division. Additionally, Vista Bank may have two Vista Bank employees residing in Lubbock County, Texas, who may be called as potential witnesses." ECF No. 7 at 3. Further, the DFW airport provides Calcot convenient transportation to either Fort Worth or Dallas. *Id.*

The fourth factor is similarly a wash. Plaintiff asserts that reassignment of this case would "cause delay without corresponding benefit" because this case has already been filed in Fort Worth. *Id*. at 4. However, the case is a week old, and Defendant has not answered. Therefore, none of the private-interest factors weigh in favor of one Division over another.

### B. Public-Interest Factors

Next, the Court must consider whether public-interest factors weigh in favor of transfer. These public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *See Volkswagen*, 545 F.3d at 315. Of the private- and public-interest factors, the public factors move the needle most toward transfer.

*First*, the Court recognizes that the Dallas Division has a busy docket. However, Fort Worth recently surpassed Austin as the ninth largest city in the United States. Fort Worth is just one city in Tarrant County, which has a population of roughly 2.2 million. *See X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 1895255, at *6 (N.D. Tex. Apr. 26, 2024). And Tarrant County is only one of eight counties served by the two active district judges in the Fort Worth Division of the Northern District of Texas.[1] Compare this with two divisions from the Eastern District of Texas which also have two active

---

[1] The Court notes that Judge O'Connor, the other active district judge in Fort Worth, also presides over the Wichita Falls Division, only increasing the number of counties and the total population served by the two district judges in Fort Worth.

3

district judges—the Tyler Division (which serves a total population of roughly 774,000) and the Beaumont Division (which serves a total population of roughly 548,000). *Id.* Due to the drastic misalignment between population size and the number of judgeships, the judges of the Fort Worth Division have especially busy dockets.

In fact, "[a] comparison of Fort Worth with neighboring Dallas further underscores this point. Notwithstanding the mere thirty miles between the two courthouses, Fort Worth's case numbers per judgeship far exceed those in Dallas." *Id.* On average, the judges in Fort Worth handle two to three times the number of cases that each active judge in Dallas handles. *Outsourcing Facilities Ass'n v. United States Food & Drug Admin.*, No. 4:24-CV-00953-P, 2025 WL 1782574, at *1 (N.D. Tex. Mar. 26, 2025) (*citing X Corp.*, 2024 WL 1895255, at *7). The Court recites these statistics not to complain, but to instead simply demonstrate that court congestion weighs in favor of Dallas.[2]

*Second*, there is a strong interest in having this dispute resolved in either Dallas or Lubbock. This case involves a company headquartered in Dallas and property located in the Lubbock Division. ECF No. 1. Plaintiff points to its office in Fort Worth as support for Fort Worth's interest in this case. ECF No. 7 at 4. However, Plaintiff alleges no facts to show that the Fort Worth office was involved in any way. And the simple existence of an office in one Division does not outweigh the presence of its headquarters in another, especially when that office has no direct relation to the facts at hand.

Regarding the third and fourth factors, all of the judges in the Northern District of Texas are familiar with and capable of applying the law that will be applied in this case. Thus, these factors are a wash.

This case has no ties to the Fort Worth Division other than it can be accessed "through the DFW Airport." Therefore, having considered the totality of the public- and private-interest factors, the Court concludes that this case should be **TRANSFERRED** to the Dallas Division of the United States District Court for the Northern District of Texas.

---

[2]The Court notes that the Lubbock Division is similarly extremely busy.

Therefore, it is **ORDERED** that the Clerk of the Court transfer this case to the Dallas Division.

**SO ORDERED** on this **20th day of August 2025.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE